UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
UNITED STATES OF AMERICA        )
                                )
        v.                      )
                                )   CRIMINAL NO. 05-10277-PBS
STEPHEN NGUYEN,                 )
                                )
        Defendant.              )
_____)
```

**MEMORANDUM AND ORDER**

March 30, 2009

SARIS, U.S.D.J.

## I.  INTRODUCTION

Pro se petitioner Stephen Nguyen has moved pursuant to 28

U.S.C. § 2255 to vacate or modify his sentence on the ground that

he received ineffective assistance of counsel in negotiating a

plea agreement under Fed. R. Crim. P. 11(c)(1)(C) and at his

sentencing hearing.  After a review of the submissions, the Court

**DENIES** the motion.

## II.  BACKGROUND

In October 2005, a federal grand jury indicted Nguyen on

charges of conspiracy, mail fraud, procuring false tax returns,

and money laundering.  On May 1, 2007, the morning of his trial's

jury impanelment, Nguyen entered into a plea agreement pursuant

to Fed. R. Crim. P. 11(c)(1)(C) in which he agreed to plead

guilty to conspiracy, mail fraud, and procuring false tax

returns.  The parties agreed that 87 months of incarceration was

-1-

the appropriate sentence.  The agreement contained a waiver of the rights to appeal or to bring a collateral challenge.  The plea agreement also stated: "The parties agree that there is no basis for a departure from the Sentencing Guidelines or for a sentence outside the Guidelines under the factors set forth in 18 U.S.C. 3553(a)."  On September 25, 2007, this Court accepted the plea agreement and sentenced Nguyen to 87 months in prison.

### III.  DISCUSSION

Section 2255 "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  Nguyen argues that his defense attorney was ineffective because he failed to (1) have a Vietnamese interpreter explain the plea agreement to Nguyen, (2) object to sentencing enhancements contained in Nguyen's PSI report, and (3) argue for a downward departure.

1.  The Waiver

As a threshold matter, the Court must consider whether Nguyen has waived his right to bring this collateral challenge. Nguyen's plea agreement contained a waiver of his right to appeal and his right to collaterally challenge his sentence.  A waiver of the right to collaterally challenge is valid if (1) the plea agreement "contains a clear statement elucidating the waiver and

-2-

delineating its scope;" (2) the waiver has been adequately discussed during the plea hearing "to ensure that the defendant freely and intelligently agreed to" the waiver; and (3) the waiver does not constitute a "miscarriage of justice." <u>United States v. Ciampi</u>, 419 F.3d 20, 25 (1st Cir. 2005) (quoting <u>United States v. Teeter</u>, 257 F.3d 14, 24 (1st Cir. 2001)).  The First Circuit has suggested that enforcing a waiver against a defendant who claims that the "plea proceedings were tainted by ineffective assistance of counsel" may result in a "miscarriage of justice." <u>Teeter</u>, 257 F.3d at 25 n.9.  In this case, the waiver was outlined in the plea agreement and discussed at the Rule 11 hearing.  (Rule 11 Hr'g Tr. 29, May 1, 2007.)  However, Nguyen claims ineffective assistance of counsel, and the government has not pressed the waiver.  In these circumstances, the Court addresses the merits of Nguyen's ineffective assistance claims to ensure that there is no miscarriage of justice.

    2.  <u>Ineffective Assistance Claim</u>

To prove ineffective assistance of counsel, the petitioner must satisfy a two-prong test.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  The petitioner must first show that counsel's assistance fell below that of a reasonably competent attorney.  <u>Id.</u> at 687-88.  The petitioner must then prove that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different. <u>Id.</u> at 694.

Nguyen's claim that he needed a Vietnamese interpreter to explain the plea agreement is flatly contradicted by his statements at his Rule 11 hearing and his sentencing hearing.  At the plea colloquy, Nguyen stated under oath to the Court that he did not need an interpreter.  (Rule 11 Hr'g Tr. 24.)  He also said that the plea agreement had been interpreted for him.  (<u>Id.</u> at 26-27.)  Not only did he reiterate at the sentencing hearing that he did not need an interpreter, but at both hearings he was actually sitting next to an interpreter.  (Sentencing Hr'g Tr. 5-6, Sept. 25, 2007.)  At the Rule 11 hearing, the Court said: "Why don't I ask the interpreter to sit down and then if you don't understand something, you will turn to him and ask that it be interpreted."  (Rule 11 Hr'g Tr. 24.)  Petitioner agreed that approach made sense.  (<u>Id.</u>)  It is disingenuous to argue that defense counsel was ineffective for not providing an interpreter when Nguyen himself repeatedly stated that an interpreter was not necessary.  <u>See</u> <u>Gallo-Vasquez v. United States</u>, 402 F.3d 793, 799 (7th Cir. 2005) (holding failure to use interpreter not ineffective assistance where record indicated petitioner understood English).

Nor can this Court find defense counsel ineffective for not objecting to certain sentencing enhancements contained within Nguyen's presentence report.  The sentencing calculation contained in Nguyen's report matched the sentencing calculation contained in the plea agreement.  In his "traverse," Nguyen claims that his attorney was ineffective for not revealing or

discussing the presentence report and the addendum with him.
Even if true, petitioner does not explain how he was prejudiced.
For example, he does not demonstrate that the enhancements for a
leadership role or sophisticated means were wrong.  The
government's statement of facts at the plea colloquy would
support these enhancements, and Nguyen did not object to these
facts.  Specifically, the government alleged Ms. Le and Nguyen
ran the illegal enterprise together, and Nguyen agreed.  (Rule 11
Hr'g Tr. 46, 55.)

Lastly, defense counsel committed no error by not arguing
for a downward departure at sentencing.  An attorney's failure to
argue for a downward departure is not unreasonable where a plea
pursuant to Fed. R. Crim. P. 11(c)(1)(C) forbids either side from
seeking a sentencing departure.  See United States v. Ortiz, 6 F.
App'x 46, 48 (1st Cir. 2001).  The government points out that in
exchange for a promise not to seek a downward departure, the
government agreed to dismiss the money laundering charge against
Nguyen.  In these circumstances, Petitioner has not established
that he received ineffective assistance.

## IV.  CONCLUSION

Nguyen's motion to vacate or modify his sentence pursuant to
28 U.S.C. § 2255 [Docket No. 136] is **DENIED**.


                                    S/PATTI B. SARIS
                                    United States District Judge

-5-