UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10277-PBS |
| | ) |
| TINA LE, | ) |
|     a/k/a TIEN T. LE, | ) |
| STEVEN NGUYEN, | ) |
|     a/k/a MONG TRUNG NGUYEN, and | ) |
| MERCEDES ACAR, | ) |
|     a/k/a MERCEDES TANG, | ) |
|     a/k/a MERCEDES LUU, | ) |
|     a/k/a PHUONG LINH TANG | ) |
|         Defendants. | ) |

**FINAL ORDER OF FORFEITURE**

**SARIS, D.J.**

WHEREAS, on October 12, 2005, the federal grand jury of this District returned an Indictment charging defendants Tina Le, Steven Nguyen, and Mercedes Acar (the "Defendants") with, <u>inter alia</u>, conspiracy, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. § 1341; and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h);

WHEREAS, the Indictment contained a Money Laundering Forfeiture Allegation against the Defendants, jointly and severally, which sought the forfeiture pursuant to 18 U.S.C. § 982(a)(1) of all property, real and personal involved in the offenses alleged in Count Twenty-Five of the Indictment, and all property traceable to such property, including, without limitation, the following:

(a) at least $40,000,000 in United States currency;

3/30/09 Allowed without opposition. SARIS DJ

(b) the Defendants' temporary employment services agency, including, without limitation, the following corporations by and through which the agency operated, and all assets thereof: First State Labor Services, Inc.; T. Nguyen Temporary; Wonder Fast Labor Services, Inc.; Mass Labor Services Corp.; Labor Staffing, Inc.; and Star Labor Staffing, Inc.;

(c) the real property and buildings located at 301 Adams Street, Quincy, Massachusetts, having a deed recorded at the Norfolk County Land Court as Document No. 1025853, noted on Certificate of Title No. 167544;

(d) the real property and buildings located at 1548-1558 Dorchester Avenue, Dorchester, Massachusetts, having a deed recorded at the Suffolk County Registry of Deeds at Book 32823, Page 262;

(e) five (5) certain parcels of land with the buildings thereon in Brockton, Plymouth County, Massachusetts, commonly known as 11 Rosseter Street, 16 Rosseter Street, 213-223 North Main Street, 204 North Montello Street, and 227 North Main Street, having a deed recorded at the Plymouth County Registry of Deeds, Book 29342, Page 298;

(f) $67,561.88 in United States Currency, seized from 301 Adams Street, Quincy, Massachusetts, on December 15, 2004; and

(g) $26,776.42 in United States Currency, seized from Asian American Bank Checking Account Number 310029269, held in the name of Tina Le, on December 15, 2004;

WHEREAS, the Indictment also contained a Mail Fraud Forfeiture Allegation against the Defendants, jointly and severally, which sought the forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses alleged in Counts One through Seven of the Indictment, including, but not limited to,

2

the following:

   (a)   at least $40,000,000 in United States currency;

   (b)   the real property and buildings located at 301 Adams Street, Quincy, Massachusetts, having a deed recorded at the Norfolk County Land Court as Document No. 1025853, noted on Certificate of Title No. 167544 ("301 Adams Street");

   (c)   the real property and buildings located at 1548-1558 Dorchester Avenue, Dorchester, Massachusetts, having a deed recorded at the Suffolk County Registry of Deeds at Book 32823, Page 262 ("1548 Dorchester Avenue");

   (e)   five (5) certain parcels of land with the buildings thereon in Brockton, Plymouth County, Massachusetts, commonly known as 11 Rosseter Street, 16 Rosseter Street, 213-223 North Main Street, 204 North Montello Street, and 227 North Main Street, having a deed recorded at the Plymouth County Registry of Deeds, Book 29342, Page 298 ("204 North Montello");

   (f)   $67,561.88 in United States Currency, seized from 301 Adams Street, Quincy, Massachusetts, on December 15, 2004 ("$67,561.88 in U.S. Currency"); and

   (g)   $26,776.42 in United States Currency, seized from Asian American Bank Checking Account Number 310029269, held in the name of Tina Le, on December 15, 2004 ("$26,776.42 in U.S. Currency");

WHEREAS, the Indictment further provided that, if the forfeitable properties described above, as a result of any act or omission by the Defendants, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is

3

entitled to seek forfeiture of all other property of the Defendants, up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c);

WHEREAS, on May 1, 2007, defendant Tina Le pled guilty to Counts One through Twenty of the Indictment, pursuant to a written plea agreement she signed on May 1, 2007;

WHEREAS, in Section Ten of her written plea agreement, Tina Le agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), as a result of her guilty plea, and the assets to be forfeited specifically included, without limitation, the following: 301 Adams Street, 1548 Dorchester Avenue, 204 North Montello, $67,561.88 in U.S. Currency, and $26,776.42 in U.S. Currency (collectively, the "Properties");

WHEREAS, on May 1, 2007, defendant Steven Nguyen pled guilty to Counts One through Seven and Twenty-one through Twenty-four of the Indictment, pursuant to a written plea agreement he signed on May 1, 2007;

WHEREAS, in Section Ten of his written plea agreement, Steven Nguyen agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), as a result of his guilty plea, and the assets to be forfeited specifically included, without limitation, the Properties;

4

WHEREAS, on May 1, 2007, defendant Mercedes Acar pled guilty to Counts One through Seven of the Indictment, pursuant to a written plea agreement she signed on May 1, 2007;

WHEREAS, in Section Ten of her written plea agreement, Mercedes Acar agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), as a result of her guilty plea, and the assets to be forfeited specifically included, without limitation, the Properties;

WHEREAS, on September 7, 2007, this Court determined that the Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, and issued a Preliminary Order against the Properties;

WHEREAS, the Preliminary Order of Forfeiture was served on all persons alleged to have an interest in the Properties, and on September 27, 2007, October 4, 2007, and October 11, 2007, a Notice of Order of Forfeiture was published in the <u>Boston Herald</u> newspaper pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c);

WHEREAS, on October 18, 2007, Broadway Enterprises, Inc. filed a Verified Claim in this action, claiming an ownership interest in $42,101.48 (the "Claimed Currency") of the $67,561.88 in United States currency seized on December 15, 2004;

WHEREAS, to date, no other party has filed a petition claiming an interest in the Properties, and the time within which to do so has expired;

WHEREAS, the United States and Broadway Enterprises, Inc. now desire to reach a full and final settlement of this matter, and have entered into a Settlement Agreement, whereby Broadway Enterprises, Inc. agrees to release any and all claims it may have against the United States to $21,050.74 of the Claimed Currency and consents to the forfeiture of $21,050.74 of the Claimed Currency to the United States, and the United States agrees to release $21,050.74 of the Claimed Currency to Broadway Enterprises, Inc.; and

WHEREAS, the United States requests that the Court issue a Final Order of Forfeiture against the Properties, with the exception of the $21,050.74 of the Claimed Currency that the United States has agreed to release to Broadway Enterprises, Inc., pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Motion for Final Order of Forfeiture of 301 Adams Street, 1548 Dorchester Avenue, 204 North Montello, $26,776.42 in United States currency, and $46,511.14 of the $67,561.88 in

United States currency seized on December 15, 2004, is allowed, and these Properties are hereby forfeited to the United States.

2.  The United States shall release $21,050.74 of the Claimed Currency to Broadway Enterprises, Inc., pursuant to the Settlement Agreement and in accordance with United States Department of Justice policies regarding the return of property.

3.  The United States Marshals Service shall dispose of the forfeited Properties in accordance with United States Department of Justice policies regarding the disposition of forfeited property.

DONE AND ORDERED in Boston, Massachusetts, this 30 day of March, 2009.

_____
PATTI B. SARIS
United States District Judge

without
opposition